
SLIP OPINION

Cite as 2016 Ark. App. 137

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–109

| | |
|---|---|
| | **Opinion Delivered** March 2, 2016 |
| TIMOTHY HOLLIS<br>APPELLANT<br><br>V.<br><br>FAYETTEVILLE SCHOOL DISTRICT NO. 1 AND PAUL HEWITT IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF FAYETTEVILLE SCHOOL DISTRICT NO. 1<br>APPELLEES | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CV-14-1701-4]<br><br>HONORABLE CRISTI BEAUMONT, JUDGE<br><br><br>REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

This case is a companion to *Hollis v. Fayetteville School District*, 2016 Ark. App. 132 (*Hollis II*), also decided today. Many of the underlying facts and procedural history of this case are detailed in *Hollis II*.

In this appeal, Hollis argues that the circuit court erred in dismissing his FOIA complaint pursuant to Ark. R. Civ. P. 12(b)(8). We agree.

Section 25-19-107 (Repl. 2014) of Arkansas's Freedom of Information Act states:

(a) Any citizen denied the rights granted to him or her by this chapter may appeal immediately from the denial to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party, if the State of Arkansas or a department, agency, or institution of the state is involved, or to

any of the circuit courts of the appropriate judicial districts when an agency of a county, municipality, township, or school district, or a private organization supported by or expending public funds, is involved.

(b) Upon written application of the person denied the rights provided for in this chapter, or any interested party, it shall be mandatory upon the circuit court having jurisdiction to fix and assess a day the petition is to be heard within seven (7) days of the date of the application of the petitioner, and to hear and determine the case.

This section gives an Arkansas citizen like Hollis a right to sue a person or entity that improperly denies the requesting party access under FOIA by filing a petition in circuit court. The statute is admittedly silent on the precise nature of the petition that may be filed. But Hollis's FOIA petition took the form of a complaint, which passes muster under any reasonable definition of the word "petition."

Judge Beaumont dismissed Hollis's FOIA complaint because she concluded that the same issues were pending before Judge Martin (in case no. CV-13-956) when Hollis filed his FOIA complaint. Rule 12(b)(8) prohibits identical cases from proceeding between identical parties, in different courts, within this state. *See Nat'l Bank of Commerce v. Dow Chem. Co.*, 327 Ark. 504, 938 S.W.2d 847 (1997). In *Hollis II*, we determined that the school district's "renewed motion for protective order" did not commence a FOIA action and that the circuit court erred in considering the district's Rule 26 motion because it lacked jurisdiction to do so after the record in *Hollis I* had been lodged in this court. Because there was no formal FOIA case pending before Judge Martin when Judge Beaumont dismissed this case under Rule 12(b)(8), we hold that Hollis's FOIA complaint should not have been dismissed in this case pursuant to that rule.

We therefore reverse the dismissal and remand this case to the circuit court so that it may proceed in a manner consistent with this opinion.

Reversed and remanded.

ABRAMSON and GLOVER, JJ., agree.

*The Williams Law Group, PLC*, by: *Bryce G. Crawford*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller* and *R. Christopher Lawson*, for appellees.