Robert J. Gladwin, Judge, dissenting. IsCan a record which is normally open to inspection under the Arkansas Freedom of Information Act (FOIA) subsequently become exempt? Under the unique circumstances of this' case, I believe the answer to that question is yes. Therefore, I respectfully dissent. On December 7, 2015, the Pulaski County Sheriffs Office transported several inmates from the courthouse to the regional detention facility. One , of the inmates, Johnnie Lee Phillips III, attempted an escape from the van. On December 10, 2015, Bessie Glass through Morris Thompson requested the “trip sheets.” Appellants denied the request, claiming the records were exempt under the “undisclosed investigations” exception to the FOIA. See Ark. Code Ann. § 25-19-105(b)(6) (Repl. 2014). Several motions were filed which are insignificant to the question at hand. However, the trial court ultimately ruled that appellants had violated the FOIA and awarded $8,362.50 in attorney’s fees and $364 in costs. , . In a FOIA case, our standard of review is whether the trial court’s findings were clearly erroneous or clearly against the preponderance of the evidence. Pulaski Cty. v. Ark. Democrat-Gazette, Inc., 371 Ark. 217, 264 S.W.3d 465 (2007). The issue of the applicability of the FOIA is a question of statutory interpretation, which we review de novo because it is for this court to determine the meaning of the statute. Hollis v Fay. Sch. Dist. No. 1 of Washington Cty., 2016 Ark. App. 132, 485 S.W.3d 280. , | (Arkansas Code Annotated section 25-19-105(b)(6) provides that records concerning undisclosed investigations by law enforcement agencies of suspected criminal activity shall not be deemed to be open to the public. I agree that under normal circumstances the “trip sheets” are open records. I also acknowledge that if the request had been made prior to the attempted escape, the records would be open. However, the unique circumstances of this case require reversal.' It is undisputed that had a detective taken the names of the passengers after the incident, that information would be exempt from inspection under the FOIA. We know that criminal-investigations records that are exempt can become open after the case is concluded. I find no law that prohibits potentially open records to become exempt because a criminal case is opened. Again, it is undisputed that the information on the “trip sheets” was crucial to this investigation and was therefore investigatory. The majority relies on Hengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761 (1991), to find the “trip sheets” open to the public.. I think Hengel can be distinguished. In Hengel, the newspaper reporter was asking for .the jail log of people already arrested and in jail, While it can be argued that the “trip sheets” contained similar information, once the escape occurred, that list contained the .names of potential witnesses, informants, or code-fendants to a specific crime. Further, the public has a right to know who the government has incarcerated. However, the public does not have the same right to know the names of potential witnesses, codefen-dants, and informants ,in an ongoing criminal investigation. I min Hengel, our court found Houston Chronicle Publishing Co. v. City of Houston, 531 S.W.2d 177 (Tex. Civ. App. 1975), “particularly instructive.” The Hengel court observed that the Texas Court of Civil Appeals construed the exception to include “only such matters as ‘officers’ speculations of a suspect’s guilt, officers’ views as to credibility of witnesses, statements by informants, ballistic reports, fingerprint comparisons, or bipod and other laboratory tests.’” Hengel at 462, 821 S.W.2d at 764 (citing Houston Chronicle, supra, 531 S.W.2d at 187). The court reasoned that providing access to such records might reveal the names of informants, creating the threat of intimidation of potential prosecution witnesses and endangering the State’s position in criminal prosecutions by the use of such materials to the disadvantage of the prosecution. I would suggest that the inmates in the transport might not have known each other, and limiting access to that information protected critical information about the investigation. The potential for intimidation within the lock up clearly exists. Simply stated, I believe a list of riders can be converted to a list of witnesses and suspects. The release of this information would impair or frustrate this ongoing investigation. See Johninson v. Stodola, 316 Ark. 423, 872 S.W.2d 374 (1994). Arkansas Code Annotated section 25-16—107(d) provides for attorney’s fees unless the court finds the defendant’s position was substantially justified in withholding the requested information. The appellants wer,e substantially justified in the position they took. Therefore, I would also reverse the award of attorney’s fees.