Cite as 2019 Ark. App. 568

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-17-619

| | | |
|---|---|---|
| DEE BLAKELY | | |
| | APPELLANT | **Opinion Delivered** December 4, 2019 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-15-3840] |
| ARKANSAS CHILDREN'S HOSPITAL; PULASKI COUNTY, ARKANSAS; AND JANE DUKE | | |
| | APPELLEES | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This case is factually related to *Arkansas Children's Hospital v. Blakely*, 2019 Ark. App. 565 (*Blakely II*), also handed down today. In this appeal, Dee Blakely appeals from orders of the Pulaski County Circuit Court dismissing her claims under the Arkansas Freedom of Information Act (FOIA) against appellees Arkansas Children's Hospital (ACH) and Jane Duke, one of ACH's outside attorneys. Blakely also appeals the dismissal of her illegal-exaction claim against separate appellee Pulaski County.[1] We affirm.

I. *Background and Procedural History*

Amendment 32 to the Arkansas Constitution authorizes an annual tax on real and personal property in a county "for the purpose of maintaining, operating and supporting" a

---

[1]We previously ordered rebriefing in this case because of deficiencies in Blakely's brief and addendum. *Blakely v. Ark. Children's Hosp.*, 2019 Ark. App. 288. Those deficiencies have now been corrected.

"public hospital owned by such county . . . , whether such hospital be operated by such county . . . or by a benevolent association as the agent or lessee of such county . . . ." According to Pulaski County Ordinance No. 198 (Nov. 14, 1978), a one-mill "Hospital Maintenance Tax" was approved by the voters "to be used for the maintenance, operation and support of Arkansas Children's Hospital as a public hospital of the County . . . ." Ordinance No. 198 specifically designated ACH as "a public hospital of the County." Since 2001, Pulaski County has, at ACH's request, directed the tax funds to the State of Arkansas for the State to use to obtain matching Medicaid funds from the federal government.

On August 11, 2015, Blakely submitted a written request to ACH for records under FOIA (First Request). Specifically, Blakely requested copies of

(1) Records providing the amount of funding received from the County by the Hospital, including funds received from hospital revenue bonds, for each of the calendar years 2010–2014; and

(2) Records providing the manner in which the Hospital expended County funding, including but not limited to, funds spent on capital improvements, for each of the calendar years 2010–2014.

ACH responded that it was not an entity subject to FOIA and declined to produce the requested materials.

Blakely filed suit on August 17, 2015, to obtain the records. In her prayer for relief, Blakely sought an order directing ACH to comply with FOIA and for a declaratory judgment that ACH is subject to FOIA. Following an August 24, 2015 hearing, the circuit court issued a written order on August 31, 2015, finding that ACH "does not have any documents, as defined in the FOIA and/or subject to disclosure under the FOIA" pertaining to Blakely's request.

On August 31, Blakely's attorney sent a FOIA request directly to Jane Duke, outside counsel for ACH, asking for "a copy of all emails and letters between your law firm and ACH since January 1, 2015" (Second Request). No mention is made in the Second Request of the information originally sought in Blakely's First Request. Duke responded that Blakely's request was not proper under the law and declined to produce the requested material.

On September 7, 2015, Blakely filed a motion to alter or amend the August 31, 2015 order, alleging that the parties disagreed over the meaning of the court's order. According to the motion, ACH interpreted the order as finding that ACH was not subject to FOIA, while Blakely read the order as holding that there were no documents responsive to the First Request. Blakely further argued that ACH had documents responsive to the First Request and had obtained the order through fraud on the court. Blakely asked that the order be vacated or that the court enter an order determining that ACH is subject to FOIA. The court denied Blakely's motion without explanation.

ACH answered the complaint on September 14, denying that it was subject to FOIA. It also asserted that the records sought were not "public records" as defined by FOIA.

On October 23, 2015, Blakely amended her complaint to assert a claim for violation of FOIA pertaining to the Second Request. In addition to this FOIA claim against ACH, the amended complaint also stated a claim for illegal exaction against both ACH and Pulaski County, asserting that Pulaski County had "collected a tax designated for the county hospital" but that, at ACH's request, Pulaski County directed the tax funds to the State of Arkansas instead, and that the tax funds had "not been used for the direct benefit of Pulaski

3

County taxpayers." There was no mention of the information sought in the First Request, and the amended complaint did not specifically incorporate the original complaint.

ACH moved to dismiss the amended complaint, arguing that the FOIA claim should be dismissed because the Second Request was not directed to the custodian of records at ACH, but to Duke, and furthermore, ACH was not subject to FOIA. ACH also argued that the illegal-exaction claim against it should be dismissed because the amended complaint failed to state facts upon which relief could be granted as against ACH. Pulaski County also filed a motion to dismiss the illegal-exaction claim, arguing that the amended complaint failed to state facts upon which relief could be granted as against the County.

On December 11, 2015, Blakely filed a second amended complaint setting forth as an additional basis for the illegal-exaction claim that the tax funds had been used to benefit residents of counties other than Pulaski County. The second amended complaint incorporated all previous complaints to the extent that they were consistent. Both Pulaski County and ACH moved to dismiss the second amended complaint, contending that it failed to state facts upon which relief could be granted.

On February 1, 2016, Blakely amended her complaint a third time, adding Duke, individually, as a defendant. ACH, Duke, and Pulaski County all moved to dismiss, or alternatively, to strike the third amended complaint. ACH and Pulaski County both moved to dismiss the third amended complaint for the grounds stated in their earlier motions to dismiss the amended complaint and the second amended complaint. Duke's motion argued that if FOIA were applied to her attorney-client and work-product files, then FOIA would be unconstitutional. She also submitted an affidavit asserting that Luther Sutter, Blakely's

4

attorney, added Duke as a party to the litigation in retaliation for Sutter's being unable to use FOIA to obtain documents outside of the normal discovery process in unrelated litigation in federal court against ACH. She also asserted that she, as a private attorney, was not subject to FOIA as a result of a ruling by the Arkansas Supreme Court in another case involving Sutter.

On April 29, 2016, the circuit court held a hearing on the pending motions. In an order entered May 13, 2016, the court denied as moot the motions of ACH and Pulaski County to dismiss Blakely's amended and second amended complaints. The court granted ACH's motion to dismiss the third amended complaint's FOIA and illegal-exaction claims against it. The court also granted the motion to dismiss the FOIA claim against Duke. Thereafter, the only remaining claim was the illegal-exaction claim against Pulaski County.

Pulaski County answered the third amended complaint, admitting enactment of an ordinance passed by the Pulaski County Quorum Court levying a property tax for the support of ACH but denying the other material allegations. A bench trial on the illegal-exaction claim was held on April 4, 2017, and the court took the matter under advisement. Following the trial, Blakely filed a motion pursuant to Arkansas Civil Procedure Rule 60 to vacate the May 13, 2016 order dismissing the third amended complaint against ACH and Duke. Blakely contended that testimony during the trial evidenced a "fraud on the Court" perpetrated by ACH and Duke based on testimony that ACH received Medicaid reimbursement funds only from the Pulaski County tax funds levied for ACH's benefit. Blakely also filed a motion for judgment as a matter of law on her illegal-exaction claim against Pulaski County.

5

On April 20, 2017, the circuit court issued its findings of fact and conclusions of law. The court found that (1) pursuant to Amendment 32, the voters approved a one-mill property tax for the maintenance, operation, and support of ACH; (2) ACH conveyed certain real property to Pulaski County, which leased it back to ACH; (3) Ordinance 198 officially designated ACH as a public hospital of Pulaski County and provided that "[t]he County needs to assure that adequate medical care will be available to all children residing in the County"; (4) for the fiscal years 2012 through 2014 (part of the period covered by Blakely's First Request), the tax generated between $3.8 and $3.9 million; (5) a substantial percentage of ACH patients are Pulaski County residents; (6) ACH treats all children regardless of their financial ability to pay; (7) it costs approximately $1.3 million a day or in excess of $400 million annually to operate ACH; (8) the county treasurer wire transfers the tax proceeds to the Arkansas Department of Human Services (DHS) at ACH's direction; and (9) DHS deposits the tax funds and puts them up for a roughly three-to-one federal Medicaid match. Based on these findings, the court concluded that as a matter of law, "adequate medical care" is made available to "all children residing in the County." The court dismissed the illegal-exaction claim and denied Blakely's request "for a declaration that Pulaski County has used the Hospital Maintenance Tax monies inappropriately[.]" On the same day, the circuit court entered an order of dismissal incorporating the findings and conclusions. This appeal followed.

## II. *FOIA Issues*

Blakely argues that the circuit court erred in dismissing her action for a declaratory judgment that ACH and Duke are subject to FOIA and in dismissing her claims for

6

compliance with her FOIA requests. Although the parties recite the standard for reviewing an order granting a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6), during the hearing on the motions to dismiss, the circuit court received testimony on the claims made in Blakely's third amended complaint. The court's order states that this testimony was considered in its finding that the claims should be dismissed. Accordingly, the handling of the case was most like a bench trial. *See Klever v. Klever*, 2017 Ark. App. 330, 525 S.W.3d 29. In a FOIA case, the standard of review is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Hyman v. Sadler*, 2017 Ark. App. 292, 521 S.W.3d 167. The issue of the applicability of FOIA is a question of statutory interpretation, which we review de novo, because it is for this court to determine the meaning of a statute. *Id.*

For a record to be disclosable pursuant to FOIA, it must (1) be possessed by an entity covered by the Act; (2) fall within the Act's definition of a public record; and (3) not be exempted by the Act or other statutes. *Nabholz Constr. Corp. v. Contractors for Pub. Prot. Ass'n*, 371 Ark. 411, 266 S.W.3d 689 (2007). As the supreme court has noted, in most of our prior FOIA cases, the FOIA request being reviewed was directed to a state agency or public entity covered by the Act and not to a private corporation. *Id.* Whether an alleged private entity or individual, such as ACH and Duke, are covered by the Act requires further analysis. *See* John J. Watkins et al., *The Arkansas Freedom of Information Act* 64–65 (6th ed. 2017) (footnotes omitted) (providing a conjunctive, three-factor test that asks whether the entity at issue (1) receives public funds, (2) engages in activities that are of public concern, and (3) carries on work that is intertwined with that of governmental bodies).

In arguing that she is entitled to declaratory relief, Blakely contends in conclusory fashion that "[i]f ACH is the county hospital, then ACH, as well as its lawyers, are subject to the FOIA to the extent public monies are expended." She cites no authority to support her claim that ACH and Duke are subject to FOIA but instead relies on proceedings that occurred in *Blakely II*. This court will not consider an argument if the appellant makes no convincing argument or cites no authority to support it. *Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008). If appellant's point is not apparent without further research, this court will not hear the matter. *Id*. Blakely's reliance on proceedings and rulings in *Blakely II* is improper. Courts may not take judicial notice of prior or pending litigation in other cases, even if those cases are between the same parties. *Brissett v. Sykes*, 313 Ark. 515, 855 S.W.2d 330 (1993).

Blakely's argument regarding the court's refusal to enforce her FOIA requests is also fatally flawed. She argues that the court erred in denying her requests for "notes and the records associated with receipt and expenditure of county taxes." These requests appear to be ones that were litigated in *Blakely II* after ACH and Duke had been dismissed from this matter. At the hearing preceding the dismissal of ACH and Duke from this matter, Blakely stated that the denial of her Second Request was the matter pending before the court. As stated above, the Second Request was for emails and letters. To the extent that Blakely's argument as to records can be read to refer back to her First Request (despite language tracking the request at issue in *Blakely II*), Blakely never designated the 2015 denial of this request in a notice of appeal.

III. *Illegal Exaction*

Blakely argues that there was an illegal exaction as a matter of law. She further argues that there is a remedy for the illegal exaction. In civil bench trials, the standard of review on appeal is whether the circuit court's findings are clearly erroneous or clearly against a preponderance of the evidence. *Midfirst Bank v. Sumpter*, 2016 Ark. App. 552, 508 S.W.3d 69. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Id.*

Illegal-exaction lawsuits in Arkansas are authorized under article 16, section 13 of the Arkansas Constitution which provides, "Any citizen of any county, city, or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." An illegal exaction is defined as any exaction that either is not authorized by law or is contrary to law. *McCafferty v. Oxford Am. Literary Project, Inc.*, 2016 Ark. 75, 484 S.W.3d 662. Two types of illegal-exaction cases can arise under article 16, section 13: "public funds" cases, in which the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent, and "illegal tax" cases, in which the plaintiff asserts that the tax itself is illegal. *Id.* The parties agree that this case is a "public funds" case rather than an "illegal tax" case. It is axiomatic that before a public-funds type of illegal-exaction case will be allowed to proceed, there must be facts showing that funds generated from tax dollars or arising from taxation are being misapplied or illegally spent. *Id.*

9

In her argument on appeal, Blakely puts forth several theories as to what constitutes the illegal exaction. We start with Blakely's argument that there is an illegal exaction as a matter of law because ACH treats children from outside Pulaski County. We note, as did the circuit court, that Ordinance No. 198 does not specifically prohibit treatment of children from other counties. Rather, the purpose of the Ordinance was to ensure that adequate medical care is available to all children residing in the county. We will not add words to a statute or ordinance to convey a meaning that is not there. *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 339, 969 S.W.2d 190, 192 (1998); *see also King v. City of Harrisburg*, 2014 Ark. 183. Because the plain language of the Ordinance does not restrict use of the hospital tax to the treatment of residents of Pulaski County, Blakely's argument based on this premise fails.

Blakely also does not challenge the circuit court's findings that a substantial percentage of ACH's patients are Pulaski County residents and that every child who presents at ACH is treated, regardless of the ability to pay. From these findings, the court concluded that as a matter of law, adequate medical care was made available to all children residing in the county. The court further concluded that the hospital tax has never been sufficient to pay more than three days of the daily costs of operating ACH. These findings are amply supported by the evidence. Blakely's failure to challenge these findings means that she has failed to carry her burden of showing an illegal exaction under this theory.

Blakely also argues that the illegal exaction occurs when the Pulaski County Treasurer sends the funds from the hospital tax to the State to be used to obtain matching Medicaid funds from the federal government. Blakely argues that Amendment 32

authorizing the hospital tax requires that the proceeds from the hospital tax be sent directly to ACH.[2] However, the argument ignores the undisputed testimony that ACH *directed* the money be sent to the State where it is used by the State to obtain the Medicaid matching funds before the hospital tax and some of the Medicaid funds are returned to ACH. ACH's direction of the funds is tantamount to its receiving the funds. Blakely cites no authority for the argument that funds from the hospital tax cannot be comingled with other funds. Arguments made without citation to authority or convincing argument will not be addressed on appeal. *Pitchford v. City of Earle*, 2019 Ark. App. 251, 576 S.W.3d 103. She has also provided no support for her argument that ACH's claim that it is not subject to FOIA means that ACH is asserting that it is not the county hospital and thus illegally spending public funds.

Because we affirm the circuit court's conclusion that Blakely failed to prove an illegal exaction, it is unnecessary to address her argument regarding a remedy.

Affirmed.

HARRISON and SWITZER, JJ., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellant.

---

[2] Blakely's argument relies on Amendment 32, which provides, in pertinent part, as follows:

> The proceeds of any tax so voted shall upon the settlement of the collecting officer be paid by the treasurer of the county to the treasurer of such hospital to be used by such treasurer in the maintenance, operation and support of such institution[.]

Ark. Const. amend. 32, § 2.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Megan D. Hargraves* and *David F. Koehler*, for separate appellee Arkansas Children's Hospital.

*Pulaski County Attorney's Office*, by: *Adam B. Fogleman* and *William A. Gruber*, for separate appellee Pulaski County, Arkansas.

*Barber Law Firm, PLLC*, by: *Robert L. Henry III*, for separate appellee Jane Duke.