Cite as 2026 Ark. App. 104

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-24-743

|  |  |
|---|---|
| DONALD MARTIN<br><br>APPELLANT<br><br>V.<br><br>ERIC HIGGINS, AS SHERIFF OF PULASKI COUNTY, ARKANSAS<br>APPELLEE | **Opinion Delivered** February 18, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-22-4393]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## BRANDON J. HARRISON, Judge

Donald Martin appeals the Pulaski County Circuit Court order (1) finding that Pulaski County Sheriff Eric Higgins had correctly withheld certain requested records pursuant to the undisclosed-investigations exemption to the Arkansas Freedom of Information Act (FOIA) and (2) denying Martin's request for attorney's fees. Martin contends that the circuit court failed to follow this court's mandate in *Martin v. Higgins*, 2024 Ark. App. 1, 682 S.W.3d 357 (*Martin I*), and that the circuit court erred in not awarding him attorney's fees. We affirm on Martin's first point but reverse and remand on the second point.

This case began in July 2022 when Martin filed a FOIA action against Higgins, as Pulaski County sheriff, and the Pulaski County Sheriff's Prevention and Reentry

Foundation (the Foundation).[1] Martin sought documents pertaining to (1) the Foundation (First Request); (2) "written reports, body and vehicle video/audio in reference to an alarm call to Jerry's Deli, 2800 East Dixon Road. Occurred on Sunday 4/17/2022" (Second Request);[2] (3) "arrest reports, to include evidence forms, officer notes, crime lab submission sheets, witness statements, video recordings and any other files contained therein" for Jerry Wardlaw (Third Request); (4) and all financial documents and records pertaining to the Junior Deputy Program from 1 January 2018 to 22 June 2022 (Fourth Request).

Wardlaw was the owner of Jerry's Deli and a defendant in two criminal cases. A plea hearing on Wardlaw's criminal cases was held on 1 August 2022; Wardlaw did not enter a guilty plea as expected and instead opted to go to trial in late November.

The next day, August 2, the court convened a hearing on Martin's FOIA requests. Regarding the Third Request, Higgins explained that he was prepared to disclose the arrest reports to Martin if Wardlaw had pled guilty on August 1, but because Wardlaw chose to go to trial, the investigation was ongoing until after the conclusion of the trial. The circuit court agreed with Higgins that pursuant to *Hyman v. Sadler*, 2017 Ark. App. 292, 521 S.W.3d 167, a criminal investigation remains open until a judgment, a plea is entered, or a verdict following a jury trial. The court therefore denied the Third Request.[3]

---

[1]The Foundation was ultimately dismissed from the case with prejudice and is not a party to this appeal.

[2]This request actually encompassed two different requests under FOIA—22-255 and 22-364. Request 22-255 was for information regarding an alarm call to Jerry's Deli on 17 April 2022, and Request 22-364 was for "all records that Jimmy Foreman received."

[3]The court also denied and dismissed the Second and Fourth Requests and dismissed the First Request because the Foundation was not subject to FOIA.

Martin appealed the denial of the Third Request, and on appeal, this court held that the circuit court's order was based on an erroneous interpretation of *Hyman* and that *Hyman* did not establish a bright-line rule on what constitutes an undisclosed, or ongoing, investigation. *See Martin I, supra.* Instead, this court explained that whether an investigation is open and ongoing is a question of fact for the circuit court, and we reversed and remanded with instructions for the circuit court "to conduct an in camera review of the relevant material . . . and to perform a meaningful fact-finding inquiry before making its decision on whether the undisclosed-investigations exemption applies to Wardlaw's arrest reports." *Id.* at 6, 682 S.W.3d at 360.

Meanwhile, on 15 September 2022, while Martin's appeal was pending, he moved for attorney's fees pursuant to Ark. Code Ann. § 25-19-107(d)(1) (Repl. 2024), which provides,

> [T]he court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably incurred by a plaintiff who, after filing suit, has obtained from the defendant a significant or material portion of the public information he or she requested, unless the court finds that the position of the defendant was substantially justified.

Martin argued that for all of his FOIA requests except the Third Request, Higgins had provided records after the lawsuit was filed and well beyond three days after the requests were made, so he was "explicitly entitled" to attorney's fees. The circuit court ruled that the motion would be taken under advisement pending resolution of the case on appeal.

After this court's remand, Martin filed an updated affidavit for attorney's fees and costs on 2 June 2024. He again asserted that Higgins had untimely complied with the First, Second, and Fourth Requests and produced the majority of the "voluminous" records on

3

2 August 2022, the day of the hearing in this case. Martin argued that he had succeeded through "litigation-induced compliance" on the First, Second, and Fourth Requests and that the circuit court had "aptly dismissed those causes of action thereafter." Now that the court of appeals had reversed the circuit court on the Third Request, he contended, he had succeeded on all counts against Higgins. Martin asked the court to award him $25,489.90 in costs and fees.

In response, Higgins first asserted that Martin's request was premature because the matter had yet to be completely resolved on the merits. Higgins also argued that Martin could not show (1) that he obtained a "significant or material portion of the public information he or she requested" after filing suit or (2) that Higgins's position was not substantially justified. *See* Ark. Code Ann. § 25-19-107(d)(1). Higgins attached to this response the affidavit of Lieutenant Cody Burk, the public information officer with the Pulaski County Sheriff's Office, who verified that Martin had made a total of forty-two separate requests to the sheriff's office under FOIA, that fourteen of these requests were received before Martin filed his complaint, and that many of the requests were broad in scope and required Burk and his team to review the documents carefully for any exceptions that may apply under FOIA and for redactions that needed to be made.

On 26 June 2024, Higgins moved to dismiss Martin's FOIA claim related to the Third Request. Higgins explained that during the pendency of the appeal, Wardlaw's criminal investigation had concluded and that Higgins had provided Martin with information responsive to his Third Request (largely in the nature of bodycam video footage). Higgins also stated that three days after the court of appeals issued its opinion,

Martin requested all records (1) demonstrating that there was an ongoing investigation of Jerry Wardlaw on and/or after 2 August 2022; (2) discussing whether there was an ongoing investigation of Jerry Wardlaw on and/or after 2 August 2022, including internal communications within the Mitchell Williams law firm that the firm would characterize as privileged or work product had its client not been a public entity; and (3) providing the full cost and detailed billing of the Mitchell Williams law firm in the FOIA litigation of *Martin I* in both the circuit and appellate courts.

According to Higgins, records responsive to those requests were provided on 23 January 2024. Those records consisted of all the billing records from Mitchell Williams with respect to the matter; sheriff's office notes concerning the FOIA requests related to the Jerry's Deli investigation; a memo dated 13 July 2022 from Lieutenant Mike Blain to Chief Earnest Whitten regarding the Pulaski County Sheriff's Office gambling operation search and seizure conducted on 18 November 2020, which included Jerry's Deli; and five pages of Higgins's counsel's notes on each FOIA request made in preparation for the 2 August 2022 hearing.

Higgins attached these same documents to the motion to dismiss and asserted that the documents supported his reliance on the undisclosed-investigations exemption. Higgins asked the court to review the exhibits, find that he rightly withheld the responsive records pursuant to the undisclosed-investigations exemption to FOIA, and dismiss Martin's pending FOIA claim with respect to the Third Request. Higgins acknowledged that the Third Request was rendered moot when he produced the records but noted that the FOIA claim was still unresolved. In addition, the court of appeals had instructed the circuit court

5

to conduct a review of the relevant materials and to determine whether the exemption applies. Martin responded and agreed that "all of his claims are satisfied and now moot and, as such may be dismissed, so that the Court can decide the attorney's fees motion."

On 16 July 2024, the circuit court entered an order stating that it had complied with the court of appeals mandate and conducted a "meaningful fact-based inquiry" concerning all of the documents attached to Higgins's motion to dismiss. According to the court, the parties had "recognized in their pleading that factually, those are the materials defendant Higgins withheld pursuant to the claims FOIA exemption." Further, the court stated that if there were any other documents or evidentiary matters, Martin had not produced them and in fact pled that the Third Request was moot.

The court found that after its mandated in camera review of all relevant documents and a review of the pleadings, it had concluded that Higgins correctly withheld the requested records pursuant to the undisclosed-investigations exemption to FOIA. So Martin was not the prevailing party as to the Third Request. The court also noted that Martin's other FOIA requests had been denied and dismissed in August 2022, but he chose to appeal only the denial of the Third Request. Thus, as a matter of law, Martin was not the prevailing party with respect to the other dismissed FOIA requests. The court denied Martin's request for attorney's fees and costs, found that all matters on remand had been fully adjudicated, and dismissed the case with prejudice.

Martin moved for reconsideration and argued that the circuit court was "wrong as to the facts, as to what the law is, and how the law applies." He contended that he was the "prevailing party" because it was only after he filed suit that Higgins produced "all but one

6

of the voluminous records on the day of the hearing in this case." He also asserted that the legal standard is not whether he is the prevailing party but rather whether he is "a plaintiff who, after filing suit, has obtained from the defendant a significant or material portion of the public information he or she requested." *See* Ark. Code Ann. § 25-19-107(d)(1). The court did not rule on this motion, and it was deemed denied on 15 August 2024. Martin timely appealed the circuit court's order.

## I. *Failure to Comply on Remand*

Martin first argues that the circuit court failed to comply with this court's instructions on remand. He contends that the circuit court's claim that it conducted an in camera review of the records relevant to his Third Request is "demonstrably false" because Higgins never provided the circuit court with those records. Martin claims that the only FOIA records provided to the circuit court were documents in response to his "post-litigation FOIA request" (the request made three days after this court's opinion was published). According to Martin, those documents consist of Higgins's attorneys' bills and an additional seven pages (he does not specify what those seven pages consist of). He contends that those seven pages are not the records that he sought in the Third Request and not the records that the circuit court had been ordered to review. Martin also asserts that the court of appeals ordered the circuit court to review the entire criminal case file, and it had not done so. Notably, Martin does not argue that the circuit court erred in finding that Higgins correctly withheld the requested records pursuant to the undisclosed-investigations exemption.

Higgins responds that the circuit court followed this court's mandate by reviewing the material relevant to whether he had correctly withheld the requested records pursuant

7

to the undisclosed–investigations exemption and that the documents attached to the motion to dismiss support the conclusion that there was an ongoing criminal investigation with respect to records responsive to the Third Request. Higgins explains,

> Notes from Appellee's office with respect to Appellant's FOIA requests indicate that they were advised by CID not to release the records "due to use in court on another case" and "due to open investigation/case." An Official Memorandum from Lieutenant Mike Blain to Chief Earnest Whitten also lays out, in detail, the nature of the ongoing criminal investigation and why the records related to the April 17, 2022, alarm call at Jerry's Deli were relevant to the investigation. According to the memorandum, the details of the call were submitted to the prosecuting attorney's office, which indicated that it was an ongoing investigation and instructed that it was "not permissible for release until adjudication."

(Internal record citations omitted.) Higgins asserts that these documents were directly relevant to the circuit court's inquiry and, in fact, formed the basis for the decision to withhold some of the documents relevant to the investigation. Higgins notes that the only relevant "document" that the circuit court did not review was the bodycam footage, but the documents produced describe the contents of that footage and explain why it was relevant to the ongoing investigation.

We hold that the circuit court properly complied with this court's mandate. First, contrary to Martin's assertion, we did not direct the circuit court to review Wardlaw's entire criminal case file. Second, Martin has not identified what exactly the court should have reviewed and does not disagree that the documents attached to the motion to dismiss were relevant to the analysis of whether the exemption applied. Martin also does not dispute that the only responsive "document" not reviewed by the circuit court was the bodycam footage, which the court addressed in its order as follows:

8

The defendant's motion also states that bodycam video footage was provided during the pendency of the appeal. Such video is not included in the court file, but the court finds that the contents of the footage may have been applicable to the criminal prosecution but they are not to the FOIA review before the court. The existence of bodycam footage is what is relevant.

Martin does not challenge the circuit court's finding that the footage was not applicable to the FOIA review. Thus, we hold that there is no reversible error on this point.

It is also worth noting that Martin's position on appeal is completely inconsistent with his position below. In his response to Higgins's motion to dismiss the claim related to the Third Request, Martin asserted, "The order from the Court of Appeals requiring this Court to evaluate the exemption for the purpose of providing the records is no longer apposite as the records, well, have been provided." In other words, it was no longer necessary for the circuit court to comply with this court's mandate. Now, Martin complains that the circuit court failed to comply with our mandate. The general rule is that a party is bound by his or her pleadings and the allegations therein and cannot maintain an inconsistent position on appeal. *See Killingsworth v. Dittmar*, 2018 Ark. App. 294, 552 S.W.3d 1 (appellant could not argue on appeal that her relocation with the parties' children did not constitute a material change of circumstances where her own pleadings indicated that the relocation did constitute a material change).

II. *Attorney's Fees*

Next, Martin argues that the circuit court improperly denied him attorney's fees. The decision whether to award attorney's fees will not be set aside absent an abuse of discretion by the circuit court. *Kitchens v. City of Ft. Smith*, 2023 Ark. App. 408, 675 S.W.3d 884. The abuse-of-discretion standard is a high threshold that does not simply require error

9

in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.*

Martin first asserts that the court erroneously found that he was not the prevailing party with respect to the First, Second, and Fourth Requests. On the contrary, he argues, those requests were dismissed because Higgins had provided those records after the lawsuit was initiated and had produced "voluminous records on the day of the hearing in this case," which was twenty-one days after filing the complaint, two months after the First Request was made, three months after the Second Request was made, and five weeks after the Fourth Request was made. Martin also contends that whether he was the "prevailing party" is not the correct legal standard; the standard is whether "a plaintiff who, after filing suit, has obtained from the defendant a significant or material portion of the public information he or she requested." Ark. Code Ann. § 25-19-107(d)(1).

In response, Higgins argues that Martin has failed to show that (1) he obtained a "significant or material portion of the public information he or she requested" after filing suit and (2) Higgins's position was not substantially justified. *See id.* Higgins notes that while Martin continues to claim that he prevailed on every cause of action and obtained "a significant or material portion of the public information he or she requested," the circuit court never made that finding. In addition, the record clearly shows that Higgins's position in this matter related to the FOIA requests was substantially justified.

Under the plain language of the statute, attorney's fees shall be assessed against the defendant (1) when the plaintiff has, after filing suit, obtained from the defendant a significant or material portion of the public information he or she requested unless (2) the

10

court finds that the position of the defendant was substantially justified. *See id*. Here, it is clear that the circuit court used the "prevailing party" standard for awarding attorney's fees and not the standard set forth in the statute. And this court will not make those statutory findings in the first instance. We therefore reverse and remand with instructions for the circuit court to determine whether attorney's fees are warranted pursuant to Ark. Code Ann. § 25-19-107(d).

Affirmed in part; reversed and remanded in part.

TUCKER and THYER, JJ., agree.

*Corbitt Law Firm, PLLC*, by: *Chris P. Corbitt*; and *Robert Steinbuch*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, PLLC*, by: *Megan D. Hargraves* and *Cara D. Butler*, for appellee.