

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-15-520

**Opinion Delivered** March 2, 2016

| | |
|---|---|
| TIMOTHY HOLLIS<br>APPELLANT<br><br>V.<br><br>FAYETTEVILLE SCHOOL DISTRICT<br>NO. 1 OF WASHINGTON COUNTY,<br>ARKANSAS; TIM HUDSON; JIM<br>HALSELL; BRYN BAGWELL; JUSTIN<br>EICHMANN; TRACI FARRAH;<br>SUSAN HEIL; STEVE PERCIVAL;<br>VICKI THOMAS; and STEVE JACOBY<br>APPELLEES | APPEAL FROM THE WASHINGTON<br>COUNTY CIRCUIT COURT<br>[NO. CV-13-956-7]<br><br>HONORABLE DOUG MARTIN,<br>JUDGE<br><br><br>REVERSED AND DISMISSED |

## RAYMOND R. ABRAMSON, Judge

This case is a companion to *Hollis v. Fayetteville School District*, 2016 Ark. App. 137 (*Hollis III*), also decided today. These two appeals arise out of appellant Timothy Hollis's Freedom of Information Act (the FOIA) requests made to appellee Fayetteville School District (collectively with its superintendent and individual board members, the district). In this case, the circuit court found that Hollis's FOIA requests were not specific enough to allow the district to locate the requested records with reasonable effort. As a result of this finding, the circuit court granted the district's renewed motion for a protective order. This

appeal challenges both rulings. We hold that the circuit court lacked jurisdiction when it granted the motion for a protective order. Accordingly, we reverse and dismiss.

I. *Background and Procedural History*

Hollis's employment at Fayetteville High School was terminated by the board in February 2013. He sought judicial review of the termination pursuant to the Arkansas Teacher Fair Dismissal Act (TFDA). The termination was upheld by the circuit court, and we affirmed.[1] *Hollis v. Fayetteville Sch. Dist.*, 2015 Ark. App. 544, 473 S.W.3d 45 (*Hollis I*).

On August 22, 2014, after the circuit court had upheld his termination and the record had been filed with this court, Hollis propounded some seventeen FOIA requests to the district. At the time, Hollis was a candidate for a position on the school board. Specifically, the three requests at issue are as follows:

10. Copies of all emails and other communications between the attorneys for Fayetteville Public Schools and the financial office, financial officers, treasurer or any similar department or employee during the previous one (1) year.

11. Copies of all emails and other communications between the human resources department for Fayetteville Public Schools and the financial office, financial officers, treasurer or any similar department or employee during the previous one (1) year.

12. Copies of all emails and other communications between Vicki Thomas [the district's former superintendent] and the financial office, financial officers, treasurer or any similar department or employee during the previous one (1) year.

On September 4, 2014, the district responded to some of the requests, but also noted it was renewing a request for a protective order with respect to requests numbers 10, 11, and 12 that it had filed in Judge Martin's court. That same day, the district filed a renewed

---

[1]Circuit Judge Doug Martin presided over the termination case.

motion for a protective order under the same docket number as the termination case. The district argued that these specific requests were overbroad and unduly burdensome, particularly with respect to the request for all emails by or to "the financial office, financial officers, treasurer or any similar department or employee." The district also argued that the request for all emails would require the production of hundreds of thousands of emails requiring individual review by counsel to determine if any such emails contained information that would constitute an unwarranted invasion of personal privacy under Ark. Code Ann. § 25-19-105(b)(12) (Repl. 2014), or contained protected educational records under federal law. The district further argued that request no. 10 also required the disclosure of information protected by attorney–client privilege.

Hollis responded to the renewed motion for a protective order, arguing that the FOIA requests at issue were not submitted until over four months after Judge Martin had upheld his termination and, therefore, were not a collateral matter over which the court retained jurisdiction. He further asserted that the FOIA did not provide exceptions for information protected by the attorney–client privilege or for requests that the governmental entity deemed "overbroad and unduly burdensome." Hollis asked that the motion be denied.

On September 19, 2014, Hollis filed suit in Circuit Judge Cristi Beaumont's court (the FOIA case) against the district to force compliance with his FOIA requests. Hollis asserted that the district's earlier, original request for a protective order was denied by Judge Martin and because the district did not appeal that ruling, that order was now final. Hollis also requested a hearing.

On September 26, 2014, the district filed a motion to dismiss the FOIA complaint pursuant to Ark. R. Civ. P. 12(b)(8) on the basis that the precise issues were also pending in Judge Martin's court. The district repeated its arguments made in requesting the protective order from Judge Martin. The district also argued that the documents subject to disclosure under the FOIA could still be exempt if protected by order or rule of court.

In his response to the motion to dismiss the FOIA case, Hollis argued that Judge Martin did not retain jurisdiction over the FOIA requests because the requests were not collateral to the matters relating to his dismissal. He also argued that the FOIA exemption for documents protected by order or rule of court does not prevent disclosure of those documents to a party to the suit, only to the public. He further asserted that the FOIA did not provide exceptions for information protected by the attorney–client privilege or for requests that the governmental entity deemed "overbroad and unduly burdensome."

By letter dated December 1, 2014, Hollis's attorney requested a hearing from Judge Beaumont within seven days as provided in Ark. Code Ann. § 25-19-107.

On December 4, 2014, Judge Martin held a conference call and requested the parties to brief the issue of whether the district's renewed request for a protective order was "collateral" to the issues in *Hollis I* such that the court could exercise jurisdiction. The parties filed their respective briefs on December 15, 2014. Judge Martin issued a letter opinion on December 18, 2014, finding that he had jurisdiction to rule on the district's renewed motion.

Also on December 18, 2014, Judge Beaumont dismissed Hollis's complaint because the issue of the release of the same information was pending in Judge Martin's court prior to Hollis filing his complaint.

A hearing on the district's renewed motion for a protective order was held before Judge Martin on January 28, 2015, and the court took the matter under advisement. The court issued its letter opinion on February 3, 2015. The court first rejected the district's claim of exemption for information protected from disclosure by order or rule of court because there was no prior court order or rule entered by it. The court also rejected the claimed exemption for material covered by the attorney-client privilege, noting that our supreme court had ruled that neither attorney-client privilege nor attorney work product created exemptions to the FOIA. Judge Martin noted that, contrary to the district's argument, there was no relevancy requirement in the FOIA. Although the court found that the district's claim that Hollis's requests were overbroad and unduly burdensome was not a proper response to Hollis, the court also found that the district's request that Hollis narrow his requests was a proper response under the FOIA. According to the circuit court, the issue then became whether Hollis's requests were "sufficiently specific to enable the custodian to locate the records with reasonable effort." The court found that these requests were not sufficiently specific to enable the custodian to locate the records with reasonable effort, as required by Ark. Code Ann. § 25-19-105(a)(2)(C). Specifically, the court found that the "the financial office, financial officers, treasurer or any similar department or employee" language in the requests precluded them from being sufficiently specific. Because Hollis refused the district's request to narrow the nonspecific FOIA requests, Judge Martin



concluded that the district had properly responded to Hollis's FOIA requests and that the renewed motion for protective order should be granted. This appeal followed.

## II. *Standard of Review*

In a FOIA case, the standard of review is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Pulaski Cty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 220, 264 S.W.3d 465, 467 (2007). The issue of the applicability of the FOIA is a question of statutory interpretation, which we review de novo, because it is for this court to determine the meaning of a statute. *Harrill & Sutter, PLLC v. Farrar*, 2012 Ark. 180, 402 S.W.3d 511.

## III. *Discussion*

We start with a brief discussion of the FOIA. The FOIA provides that an Arkansas citizen may make a request to the custodian of public records to "inspect, copy, or receive copies of public records." Ark. Code Ann. § 25-19-105(a)(2)(A). For a record to be subject to the FOIA and available to the public, it must (1) be possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes. *Daugherty v. Jacksonville Police Dep't*, 2012 Ark. 264, 411 S.W.3d 196. If the citizen's request for the records is denied, he or she may bring suit in circuit court to challenge the denial. Ark. Code Ann. § 25-19-107(a). Here, there is no dispute that the requested records are public records under the FOIA. Although the district argued that some of the records were protected from disclosure by attorney-client privilege or other exceptions, Judge Martin rejected those arguments, and the district did not cross-appeal.

In the circuit court case that spawned both this appeal (*Hollis II*) and *Hollis I*, the district filed a renewed motion for protective order under the same case number, and before the same circuit judge (Judge Martin), while the *Hollis I* appeal was pending. In *Hollis I*, this court addressed whether the district violated the TFDA when it terminated Hollis's teacher contract for insubordinate conduct. The motion that the district filed while the appeal was pending in *Hollis I* was fueled by Hollis's letter requests for information under the FOIA, and it was based on Arkansas Rule of Civil Procedure 26(c).

The problem is that our supreme court has embraced the view that the Freedom of Information Act and the discovery rules under the Arkansas Rules of Civil Procedure operate independently. *See Berry v. Saline Mem'l Hosp.*, 322 Ark. 182, 185, 907 S.W.2d 736, 738 (1995) ("The FOIA at times provides greater disclosure than do the discovery procedures afforded by the Arkansas Rules of Civil Procedure."). The FOIA, in other words, when properly invoked, provides an avenue for obtaining information that is separate from the rules of civil procedure. *See City of Fayetteville v. Edmark*, 304 Ark. 179, 801 S.W.2d 275 (1990) (protective order obtained under discovery rules does not prevent availability of information under the FOIA). The essential legal question presented in this appeal is whether the district commenced a FOIA action by filing a "renewed motion for protective order." The answer is no for two reasons. First, the district is the custodian of the records sought. The district's second attempt to obtain a protective order did not formally commence a FOIA case because, by statute, only an Arkansas citizen may request to inspect or copy public records or seek review of the denial of such a request. Ark. Code Ann. §§ 25-19-105(a)(1)(A) & 25-19-107(a).

Second, because *Hollis I* was on appeal to this court when the unauthorized FOIA Rule 26 motion was litigated, we hold that the circuit court lacked jurisdiction to enter the protective order. We therefore reverse and dismiss this appeal without deciding the merits of the circuit court's decision. *Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). The parties' dispute over access to information under Arkansas's Freedom of Information Act may, however, be fully litigated under the law before Judge Beaumont for the reasons stated in the companion appeal to this case. *See Hollis III*, *supra*.

Reversed and dismissed.

HARRISON and GLOVER, JJ., agree.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Bryce G. Crawford*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller* and *R. Christopher Lawson*, for appellees.