# SUPREME COURT OF ARKANSAS

No. CV-16-545

| | |
|---|---|
| DEPARTMENT OF ARKANSAS STATE POLICE<br><br>APPELLANT<br><br>V.<br><br>KEECH LAW FIRM, P.A.<br><br>APPELLEE | Opinion Delivered: April 20, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-13-4682]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>AFFIRMED. |

RHONDA K. WOOD, Associate Justice

In 1963, Ruby Lowery Stapleton was murdered. Her murder remains unsolved, and her family has sought access to the Department of Arkansas State Police (ASP) case file. The dispute over whether the records met an exemption under the Arkansas Freedom of Information Act (FOIA) culminated in a lawsuit. Following an in camera review of the case file, the circuit court ordered ASP to release the records. ASP has appealed. We hold that the circuit court did not clearly err when it found that the investigation into the Stapleton murder was not open and ongoing. We accordingly affirm the circuit court's order to release the records.

Ruby Lowery Stapleton was murdered on or about October 8, 1963. Her body was discovered in White County, Arkansas. ASP's Criminal Investigation Division, in conjunction with the White County Sheriff's Office, conducted the investigation. No charges have been filed against any suspects. In 1993, Stapleton's daughter asked to see the

case file. ASP arranged for her and other family members to view it. In November of 2013, the Keech Law Firm made a formal written request, under FOIA, to ASP for a copy of the case file and other materials relating to ASP's investigation into Stapleton's murder. ASP denied the request, maintaining that the investigation was ongoing and that the information was exempt from FOIA.

In December 2013, Keech filed a complaint against ASP in circuit court asking the court to compel disclosure under FOIA. ASP once again maintained the material was exempt under FOIA because it was the subject of an open and ongoing investigation into Stapleton's murder. Some time passed wherein both parties filed various pleadings and affidavits. Eventually, based on an agreement by the parties, the court conducted an in camera inspection of the case file in January 2016. After this review, the court found "that the case is not an 'open and ongoing' law enforcement investigation." The court found that the claimed exemption did not apply and accordingly ordered ASP to turn over the file. ASP appealed, and a stay was granted pending the appeal.

We review a circuit court's interpretation of a statute de novo as it is for this court to determine the meaning of a statute. *Fox v. Perroni*, 358 Ark. 251, 188 S.W.3d 881 (2004) (explaining that we give no deference to the circuit court when reviewing its conclusions of law and interpretation of FOIA). The Arkansas Freedom of Information Act provides that all public records are open to inspection by Arkansas citizens. Ark. Code Ann. § 25-19-105(a)(1)(A) (Supp. 2015). This court interprets FOIA liberally to accomplish the purpose of promoting free access to public information. *See Johninson v. Stodola*, 316 Ark. 423, 425, 872 S.W.2d 374, 375 (1994). FOIA does contain exemptions, but we interpret

those exemptions narrowly. *Id*. "If the intention is doubtful, openness is the result." *Ragland v. Yeargan*, 288 Ark. 81, 86, 702 S.W.2d 23, 25 (1986).

ASP claims its case file is free from public disclosure under the exemption for materials related to "undisclosed investigations by law enforcement agencies of suspected criminal activity." Ark. Code Ann. § 25-19-105(b)(6). For almost twenty-eight years, this court has held that the purpose of this statutory exemption is to protect "ongoing investigations." *McCambridge v. City of Little Rock*, 298 Ark. 219, 233, 766 S.W.2d 909, 916 (1989); *Martin v. Musteen*, 303 Ark. 656, 659, 799 S.W.2d 540, 542 (1990). In *Martin*, we further explained that "if a law enforcement investigation remains open and ongoing it is one meant to be protected as 'undisclosed' under the act."[1] *Id*. at 660, 799 S.W.2d at 542.

Whether an investigation is open and ongoing is question of fact for the circuit court to decide. *Martin*, 303 Ark. at 660, 799 S.W.2d at 542. Indeed, we have held that the circuit court should conduct an in camera review of the files before determining whether the exemption applies. *Johninson*, 316 Ark. at 427, 872 S.W.2d at 376. We review findings of fact under a clearly erroneous standard of review. *Ligon v. Stewart*, 369 Ark. 380, 255 S.W.3d 435 (2007). A finding is clearly erroneous when the appellate court is left with a definite and firm conviction that a mistake has been committed. *See Covenant Presbytery v. First Baptist Church*, 2016 Ark. 138, 489 S.W.3d 153. Applying these principles to the present case, we

---

[1] In *Martin*, we explicitly stated that the court "recognize[d] that the definition of ongoing is not the same as the definition of undisclosed" but still "conclude[d] . . . that the general assembly meant to protect ongoing criminal investigations being conducted by law enforcement agencies." *Id*. at 660, 799 S.W.2d at 524. Our interpretation of this statutory exemption has become part of the statute itself; it remains the law until the general assembly sees fit to amend it. *See State v. Griffin*, 2017 Ark. 67, at 6, ___ S.W.3d ___, ___.

hold that the circuit court correctly interpreted the exemption from section 25-19-105(b)(6) as requiring an investigation to be "open and ongoing" to qualify for nondisclosure under FOIA. Whether an investigation is open and ongoing is by necessity a question of fact to be determined on a case-by-case basis. The circuit court's finding of fact on this point was not clearly erroneous.

Stapleton was murdered in 1963. The record on review reveals sparse activity by ASP from 1965 until 2014. In challenging the circuit court's ruling, ASP directs us to various documents in the case file that, according to it, show an active and ongoing investigation. Yet every action that ASP highlights as evidence of an "ongoing" investigation took place *after* Keech filed the lawsuit in this case. Certainly an investigation could grow stagnant over a period of years and new information could reignite it. However, the circuit court reviewed the entire case file from 1963 through and including the renewed efforts by ASP in 2014 and concluded that these efforts were not sufficient to make this investigation "open and ongoing." We hold that this finding was not clearly erroneous.

Furthermore, this case falls squarely within the purpose of FOIA, which, according to the statute, is to provide for "electors . . . [to] be advised of the performance of public officials and the decisions that are reached in public activity . . . making it possible for them . . . to learn and to report fully the activities of their public officials." Ark. Code Ann. § 25-19-102 (Repl. 2014). While ASP complains that disclosure could detract from its ability to bring the person responsible for Stapleton's death to justice, the leading treatise on FOIA has noted that this exemption needs some limits:

> Police and prosecutors should not be permitted to apply this exemption as a matter of course until conviction or acquittal, or indefinitely until a charge is brought, if

there is no genuine interest in enduring secrecy. To do so would excessively insulate the government against legitimate probes by the public and media into the performance of law-enforcement functions, even apart from the disadvantage to criminal defendants.

*See* John J. Watkins, Richard Peltz-Steele, and Robert Steinbuch, *The Arkansas Freedom of Information Act*, 148 (6th ed. 2017). This is a 54-year-old murder case. No charges have been brought or appear to be imminent. The victim's family and the public are entitled to know how the officials in this case, i.e., law enforcement, performed their duties.

Affirmed.

*Leslie Rutledge*, Att'y Gen., by: *Jennifer L. Merritt*, Ass't Att'y Gen., for appellant.

*Keech Law Firm, P.A.*, by: *Kevin P. Keech*, for appellee.