Cite as 2020 Ark. App. 308

# ARKANSAS COURT OF APPEALS

DIVISIONS III & IV
**No.** CV-19-344

| | | |
|---|---|---|
| | | Opinion Delivered: May 13, 2020 |
| BEN MOTAL | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION |
| | APPELLANT | [NO. 60CV-19-184] |
| V. | | |
| | | HONORABLE MACKIE M. PIERCE, JUDGE |
| CITY OF LITTLE ROCK | | |
| | APPELLEE | REVERSED AND REMANDED |

KENNETH S. HIXSON, Judge

Appellant Ben Motal appeals from an order dismissing his amended complaint filed pursuant to the Freedom of Information Act (FOIA), codified at Arkansas Code Annotated sections 25-19-101 through –110 (Repl. 2015). On appeal, appellant contends that the circuit court erred in dismissing his amended complaint because (1) appellee violated his rights under FOIA by refusing to allow him to inspect and copy the accident report in question (a public record) by taking a photograph using his personal cell phone, and (2) the appellee's decision to provide appellant with an electronic copy of the accident report after he filed suit does not moot this appeal. We reverse and remand.

I. *Relevant Facts*

Appellant filed his complaint and amended complaint for relief against appellee the City of Little Rock (the City). In his amended complaint, appellant alleged that he was the

victim of a hit-and-run car accident on October 27, 2018.  After his accident, he visited the Little Rock Police Department headquarters to inspect and copy the accident report.  To that end, he alleged that he made an in-person request under FOIA to the custodian of the accident report to inspect and copy the report by taking a photograph using his personal cell phone.  However, Ms. Tate, acting on behalf of the City, told him that although she could allow him to view the report, appellant was prohibited from taking any photographs of the pages with his cell phone according to the City's policy.  Ms. Tate further stated that she could give him a copy of the report for a ten-dollar fee.  After appellant refused and reiterated that he wished to inspect and copy the report using his cell phone as permitted under FOIA, Ms. Tate again denied his request.  Thus, appellant filed his amended complaint requesting the circuit court to find that the City failed to comply with FOIA, order the City to allow him to copy the public records in question with his personal device, hold a hearing on the matter within seven days, grant him reasonable legal fees and costs, and grant all other just and proper relief.

In response, the City filed a motion to dismiss the amended complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(6).  The City argued that appellant's amended complaint did not support a claim under FOIA because appellant by his own admission did not request a copy of the report.  It explained that Arkansas Code Annotated section 25-19-105(a)(2)(A) states that "a citizen may make a request to the custodian to inspect, copy, or receive copies of public records."  The City argued that the "language of the statute uses 'or' not 'and' as [appellant] tries to contend in his pleadings that he is allowed 'to inspect and copy the report using his own personal device.'"  It further argued that appellant had

2

made a request only to inspect the actual record, and the statute did not permit him to take a photograph of the document with his personal cell phone. Moreover, the City stated that it had offered him a copy in accordance with the statute, which appellant refused. Finally, the City argued that the amended complaint was moot because appellant had already received a copy of the accident report from the deputy city attorney after appellant filed suit, as evidenced by an attached email.

Appellant filed his response to the motion to dismiss. He argued that the City's argument was "based on the false assumption that *receiving* a copy of a record that has been prepared by a public official is the only type of request that can be made under the FOIA." (Emphasis in original.) Appellant argued that the City violated his right to inspect and copy the accident report with his own personal device as authorized by FOIA. He further argued that the City's suggestion that the use of the conjunction "or" limits a citizen from making more than one of the three types of requests under FOIA is without merit because the legislature did not intend for the right to inspect, copy, and receive copies to be mutually exclusive of each other. He contended that although the City allowed him to view the record, it failed to allow him to copy the report in flagrant violation of FOIA.

At the February 7, 2019, hearing on the merits of appellant's amended complaint and on the City's motion to dismiss, the parties stipulated that the facts alleged in appellant's amended complaint were not in dispute. Instead, the parties requested that the circuit court determine whether FOIA allowed appellant to take a photograph of a document using his personal cell phone and whether appellant's amended complaint should be dismissed as moot.

3

Appellant acknowledged that he had subsequently received a copy of the accident report at issue and that the City had waived its ten-dollar fee. However, appellant argued that his claim was not moot because his right to copy is independent of his right to receive a copy under the statute. He further argued that he wanted to verify that the copy provided was correct. The parties further stipulated to the facts alleged in the amended complaint, and appellant asked the circuit court to find, based on those stipulated facts, that the City had failed to comply with FOIA, order that the City permit him to copy the records using his cell phone, and grant him reasonable legal fees and costs. The City argued, as it did in its motion to dismiss, that appellant failed to request a copy of the accident report and that appellant had no right to use his own device to make copies or photographs under FOIA. It claimed that it offered to provide appellant a copy for ten dollars in a manner permitted under the statute, but appellant refused. The City further explained that it has an obligation to make sure a record is an actual, official government record and that a picture taken by a third party is something that is easily editable.

At the conclusion of the hearing, the circuit court orally made the following findings:

And if the Legislature wanted to give you the right to photograph public records, they could have easily used the word "photograph." They didn't. They used "copy" and "copying." And when I think of a "copy," I think of running it through either a photocopying machine or a facsimile machine that has a "copy" feature on it, or you can scan it in, and transmit it electronically as a "copy." But a photograph is an entirely different animal. A photograph can be Photoshopped®, it can be altered, it can be -- you know, half of it can be deleted. There's a lot of things I can do with a photograph that I cannot do with an official copy because I -- once I've got a copy, I've got a piece of paper with that document, and the contents of the document, located on that sheet of paper. But I get a photograph on my cell phone, I can Photoshop® it, I can do all kinds of things to that document to make it appear completely different than the official document as it leaves the hands of the record keeper. And if the Legislature had wanted to use the word "photograph" to give a citizen the right to come into the courthouse, come into the city, come into the

4

police department and photograph documents, they should have said so, but they didn't. And I'm not willing I am a big believer in FOI. You know, I've got you know, I've got cases of record where I've supported the FOI. I've gotten onto the Chief of Police for the City of Little Rock for not complying with FOI.

. . . .

But in this case, it said "copy," or "copying," "receive copies." It denotes an entirely different animal than what you want. Your animal is different than the animal the City is required to give you, and provide you, and allow you to utilize and receive, than a photograph. Different thing. And if they wanted you to -- wanted you to photograph it, fine, I'm all for it, but photographs are different than copies. And you look up the definition of the word "copy," it's different than "photograph." And it is . . . splitting hairs maybe in your mind, but I'm not willing to expand FOI; not my job. It's just to interpret and to enforce the law as it is written. I'm not one that -- I take it upon myself to try to expand . . . the Legislature, if they want to do that, they can.

. . . .

Well, I don't find that the City in fact, I find that the City did not violate FOI. I don't think that they failed to comply with the FOI. I think they -- they requested that you pay a ten-dollar fee for a copy. You chose not to do that. You wanted to photocopy it. I -- I'm not sure you have that right under FOI. So -- and the statute does not provide anywhere -- I read it last night and I -- and I looked through it pretty closely. I don't see anywhere that it says that you can make a photograph of records. . . . And under the circumstances, without something more, you know, to guide me and to tell me, I -- I just don't think that the lawsuit, number one, has merit. And, number two, I think it's moot, at this particular point, in that you have been provided a copy of your accident report, at this particular juncture. So, at this point, I would say this matter is at an end.

After the hearing, appellant filed a supplemental brief. Appellant argued that the plain meaning of "copying" a record included taking a photograph or creating an image of the record. Additionally, appellant argued that the right to "inspect" a record included the right to photograph or create an image of such record. Therefore, he requested that the circuit court grant the relief he requested in his amended complaint.

5

The circuit court subsequently filed a written order on February 13, 2019, making the following findings:

> Plaintiff, Ben Motal filed a lawsuit against the Defendant, City of Little Rock ("City") alleging a violation of his rights under the Arkansas Freedom of Information Act ("FOIA") by not allowing him to take a photograph with his personal cell phone of a Little Rock Police Department accident report. Mr. Motal was allowed to view the accident report in person and was offered a copy of the report for the cost of ten ($10) dollars pursuant to Ark. Code Ann. § 27-53-210(b)(1). The Court finds that the ten ($10) dollar fee is allowed by law to be assessed for accident reports. The City filed a motion to dismiss the lawsuit on the basis that FOIA does not include the right of a person to take photographs of the record using their cellphone.

> This Court, being well and sufficiently advised in the law, and after a hearing on the merits of the lawsuit and the City's motion to dismiss, it does hereby GRANT the City's motion to dismiss. The Court finds that the City did not violate the Arkansas Freedom of Information Act. Further, there is no provision in the FOIA that allows for photographing official records, and that *copying of a record allowed under FOIA does not include the taking of photographs of said record*. That photographs are separate and distinct actions not included in the plain meaning of the word copy used in FOIA and that photographs are more susceptible to being edited or changed increasing the risk of compromise to the sanctity of a public record. If the Arkansas legislature had intended photographs to be included it would have listed as such in the language of the FOIA.

> Finally, the Plaintiff's complaint is also moot, because a copy of the report in question was provided to the Plaintiff.

> This order disposes of this matter in its entirety and is final and appealable. All relief not expressly granted in this order is DENIED.

(Emphasis added.) This appeal followed.

II. *Mootness*

As a threshold matter, we first address appellant's second point on appeal regarding whether appellant's amended complaint was rendered moot after he admittedly received an electronic copy of the requested accident report at no charge. It is a well-settled rule that this court does not render advisory opinions, nor answer academic questions. *Stilley v.*

6

*McBride*, 332 Ark. 306, 965 S.W.2d 125 (1998). Under Arkansas law, a case becomes moot when any judgment rendered would have no practical effect on an existing legal controversy. *Id.* However, there are two exceptions to the mootness doctrine. The first exception involves issues that are capable of repetition yet evade review; and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Bd. of Dirs. of City of Hot Springs v. Pritchett*, 2015 Ark. 17, 454 S.W.3d 223; *Gillespie v. Brewer*, 2019 Ark. App. 275, 577 S.W.3d 59. The exceptions to the mootness doctrine are not automatic. *Gillespie, supra.* We retain the choice "as to whether we may elect to settle an issue" that is moot. *Duhon v. Gravett*, 302 Ark. 358, 360, 790 S.W.2d 155, 156 (1990). In limited cases, our appellate courts have applied one of the exceptions and addressed the issues raised despite completion of the controversy between the parties, but we do not improvidently utilize either exception. *Ark. Dep't of Human Servs. v. Ledgerwood*, 2019 Ark. 100, 571 S.W.3d 1; *Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 28, 566 S.W.3d 105. We hold that the second exception is applicable to the case before us.

The second exception, matters of substantial public interest that are likely to be litigated in the future, has two prongs: (a) that there be a substantial public interest in the issues being considered; *and* (b) that addressing such issues, despite their being otherwise moot, would prevent future litigation. *Gillespie, supra.* Appellant argues on appeal that resolving the issue of whether FOIA permits a citizen to use his or her own cell phone to take a photograph of a public record is a matter of substantial public interest and would prevent future litigation against the City.

We first examine the issue of whether FOIA permits a citizen to use his or her own cell phone to take a photograph of a public record is a matter of substantial public interest. We find our supreme court's analysis in *Stilley*, *supra*, instructive. In *Stilley*, an attorney made a FOIA request to obtain the home addresses of two police officers from their personnel records so that he could serve the officers in a lawsuit by mail rather than in person since it was cheaper. The custodian of the records refused the request, and Stilley filed a FOIA complaint seeking the information. By the time of the hearing, Stilley had obtained service on the officers by other means. At the conclusion of the hearing, the circuit court denied the request finding the home addresses were exempt from disclosure under Arkansas Code Annotated section § 25-19-105(b)(10) because the information was a clearly unwarranted invasion of personal privacy. On appeal to the supreme court, the court recognized the initial threshold issue of mootness and stated, "We first are met with the doctrine of mootness[.] . . . The FOI case now before us unquestionably presents an issue of public interest. Accordingly, we address and decide it."[1] *Stilley*, 332 Ark. at 310, 965 S.W.2d at 126.

We also consider that the substantial-public-interest exception to mootness is not limited to the FOIA context, and our supreme court has generally applied the exception to address mootness issues in other contexts from 1892 to as recently as 2019. *See, e.g., Protect Fayetteville, supra*; *Ark. Gas Consumers, Inc. v. Ark. Pub. Serv. Comm'n*, 354 Ark. 37, 118

[1]Ultimately, our supreme court affirmed the circuit court's decision that the officer's home addresses were exempt under FOIA because the officers' privacy interests outweighed that of the public's under the circumstances presented.

S.W.3d 109; *Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001); *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997); *Owens v. Taylor*, 299 Ark. 373, 772 S.W.2d 596 (1989); *Cain v. Carl-Lee*, 171 Ark. 155, 283 S.W. 365 (1926); *Wilson v. Thompson*, 56 Ark. 110, 19 S.W. 321 (1892). In *Protect Fayetteville*, our supreme court explained that it was applying the exception to address a mootness issue because the "issues of legislative and executive privilege raised [t]here [we]re of first impression in Arkansas . . . [and g]uidance [wa]s needed for the public in pursuing litigation against the State, for the legislative and executive branches in conducting their business and responding to discovery requests, and for circuit courts when ruling on discovery disputes." 2019 Ark. 28, at 4, 566 S.W.3d at 108. Further, recently in *Ledgerwood*, 2019 Ark. 100, at 3, 571 S.W.3d at 3, our supreme court explained that the substantial–public–interest exception "applies where considerations of substantial public interest or the prevention of future litigation are present"[2]

With these principles in mind, we now turn to the mootness issue in the case before us. Whether a citizen has a right to take a digital photograph of public records using his or her own personal cell phone under FOIA is not an issue that is factually specific to appellant alone. As the parties stipulated, the City is enforcing a blanket prohibition of allowing any citizen to take a digital photograph of a public record. Unfortunately, vehicle accidents are not a rare event in Arkansas, and appellant is not the only citizen that uses FOIA to obtain copies of the resulting accident reports. Therefore, whether a citizen has an independent

---

[2]The supreme court ultimately determined the issue in *Ledgerwood* did not justify an application of the substantial-public-interest exception.

right to make a copy of an accident report by taking a digital photograph with his or her cell phone is a matter of substantial public interest, and our decision would prevent future litigation over such an issue.

The City cites *Hyman v. Sadler*, 2017 Ark. App. 292, 521 S.W.3d 167, as support for its argument that the present case does not present an issue of public interest and that the substantial-public-interest exception to mootness, therefore, does not apply. However, the City's reliance on *Hyman* is misplaced. In *Hyman*, Nathan Alexander Earp was arrested for DWI, and his attorney, William Whitfield Hyman, requested a copy of the dash-cam video from the Arkansas State Police (ASP) to aid in his representation of Earp at Earp's driver-control hearing. The ASP denied the request. Hyman then made a request for the video under FOIA. Again, the ASP denied the request stating that the video was part of an ongoing investigation that rendered it exempt under FOIA[3] and further advised Hyman that the video must be obtained through litigation and discovery processes. Hyman filed suit under FOIA after the ASP denied Hyman's FOIA request for the dash-cam video. Sometime after the FOIA complaint was filed, Hyman entered a guilty plea to the DWI. At that point, the ASP released the video to Hyman because the ongoing-investigation exemption no longer applied. According to Hyman, he pressed on with his FOIA complaint so he could be awarded attorney's fees if he prevailed. At the FOIA hearing, the circuit court held that the FOIA request was moot because appellees had already released the video to Hyman. On appeal, Hyman argued that the case was not moot and contended the substantial-public-interest exception applied. We disagreed, holding that the circuit

---

[3]*See* Ark. Code Ann. § 25-19-105(b)(6) (undisclosed-investigation exemption).

10

court did not err in holding that the FOIA issue was moot because Hyman had not articulated a viable theory under which the case presented an issue of substantial public interest. *Id*. Even though Hyman argued that DWIs are generally matters of public interest, we disagreed and again stated that Hyman's purpose for obtaining the video was to aid in his representation of Earp—not to question the constitutionality of DWI arrests. *Id*. In other words, we held that Hyman had failed to explain why the issue of whether the dash-cam video of Earp's DWI arrest was exempt under the ongoing-investigation exemption was an issue of substantial public interest.

While the *Hyman* court noted that that the purpose of obtaining the dash-cam video was not to evaluate the performance of public officials but was only to aid Hyman in his representation of Earp at the driver-control hearing, we do not limit the application of the substantial-public-interest exception to only cases involving the evaluation of public officials as advocated by the City herein. Further, the City urges us decline to apply the substantial-public-interest exception to appellant because appellant wanted to use the public record for a personal reason—investigating his own motor-vehicle accident. However, the City's interpretation in *Hyman* is too narrow. It is not unusual for a FOIA request to begin with a request that is personal or intimate to the requestor. In those situations, it is when that personal interest also has an associated public interest that the substantial-public-interest exception may apply. In *Hyman*, we explained that the requestor was unable to articulate why his personal interest in the dash-cam video was associated with a significant public interest. Here, unlike in *Hyman*, due to the prevalent and pervasive use of cell phone cameras in use by our society today and the ever-increasing requests for transparency and

access to public records, we have determined that the issue presented in our case is an issue of substantial public interest. Thus, we hold that the substantial-public-interest exception applies and address the merits of appellant's appeal.

## III. *FOIA Issue*

In a FOIA case, the standard of review is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Pulaski Cty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 264 S.W.3d 465 (2007); *Hollis v. Fayetteville Sch. Dist. No. 1 of Washington Cty.*, 2016 Ark. App. 132, 485 S.W.3d 280. However, the issue of the applicability of FOIA is a question of statutory interpretation. *Hollis, supra.* We review a circuit court's interpretation of a statute de novo as it is for this court to determine the meaning of a statute. *Dep't of Ark. State Police v. Keech Law Firm, P.A.*, 2017 Ark. 143, 516 S.W.3d 265. This court interprets FOIA liberally to accomplish the purpose of promoting free access to public information. *Id*. Although FOIA does contain exemptions, we interpret those exemptions narrowly. *Id*.

Appellant contends on appeal that the circuit court erred in dismissing his amended complaint because the City violated his rights under FOIA by refusing to allow him to inspect and copy the accident report in question by taking a photograph using his personal cell phone. He more specifically argues the following subpoints in support of his general argument: that creating a digital image of a public record is a reasonable method of "copying" the record; creating a digital image of a public record is an act that is incidental to "inspecting" the record; creating a digital image of a public record is an act that is incidental to "accessing" the record; the City's policy prohibiting citizens from copying

12

accident reports with a smart phone is unreasonable; FOIA does not authorize the City to choose the format in which copies are made available; and appellant did not seek to deprive the City of any fees to which it was legally entitled. Because the circuit court specifically found that FOIA did not specifically allow for photographing official records and that photographs are not included in the plain meaning of the word "copy" as used in FOIA, the resolution of appellant's argument requires us to interpret Arkansas Code Annotated section 25-19-105.

Arkansas Code Annotated section 25-19-105 provides in relevant part,

(a)(1)(A) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.

. . . .

(2)(A) *A citizen may* make a request to the custodian to *inspect, copy, or receive copies of public records*.

. . . .

(d)(1) *Reasonable access* to public records and reasonable comforts and facilities for the full exercise of the *right to inspect and copy those records shall not be denied to any citizen*.

(Emphasis added.)

A plain reading of Arkansas Code Annotated section 25-19-105(a)(2)(A) clearly permits a citizen to make three independent types of requests under FOIA: (1) request the custodian to allow him or her *inspect* the public record; (2) request the custodian to allow him or her to *copy* the public record; or (3) request the custodian to *make a copy* and give [receive] that copy to him or her. Our focus in this appeal is on the second type of request—

13

the citizen's independent right to copy. The City claimed it followed the statute because although it did not allow appellant to take a photograph of the accident report, it allowed him to inspect it and offered him a copy that it would make for him for a ten–dollar fee. However, this interpretation ignores a citizen's independent right to make his or her own copy under FOIA, which the City blanketly prohibited. Therefore, under the plain language of subsection (a)(2)(A) of the statute, we hold that a citizen has the right under FOIA to make a copy of a public record.

Having concluded that section 25-19-105(a)(2)(A) grants a citizen the independent right to make his or her own *copy* of a public record, we must now determine what the word "copy" means under FOIA. Because the term "copy" is not defined in FOIA, this inquiry renders this case one of statutory construction. Hence, the crucial narrow issue in this case is whether the verb phrase "to copy" as used in subdivision (a)(2)(A) should be interpreted to include taking a photograph of the public record using a cell phone; or, should it be narrowly interpreted as the circuit court did to include only to copy with a copy machine or fax machine. The circuit court explained that to copy under FOIA may only be performed by "running it through either a photocopying machine or a facsimile machine that has a 'copy' feature on it, or you can scan it in, and transmit it electronically as a 'copy.'"

The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Thomas v. Hall*, 2012 Ark. 66, 399 S.W.3d 387. In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every

14

word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.* A statute is ambiguous only when it is open to two or more constructions or when it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.*

*Black's Law Dictionary* defines "copy" as "an imitation or reproduction of an original." *Black's Law Dictionary* (11th ed. 2019). Under the plain, ordinary, and usually accepted meaning in common language of the word *copy* in *Black's*, a photograph would produce a "reproduction of the original" public record. While this precise issue is one of first impression, this question has already been analyzed and answered in Attorney General Opinion 2008-162. In *Thomas*, our supreme court explained that although attorney general opinions are not binding on the court, the General Assembly has specifically said that attorney general opinions *should be used for guidance* in the FOIA context. *Thomas v. Hall*, 2012 Ark. 66, 399 S.W.3d 387. Moreover, our supreme court has looked in the past to attorney general opinions for guidance when no case had addressed the issue at hand. *Id.*

In Attorney General Opinion 2008-162, Attorney General Dustin McDaniel was asked whether FOIA allows an individual to take digital photographs of public records. He opined that "*a person requesting records under the FOIA is free to take digital photos of the documents and the records custodian cannot issue a blanket prohibition against that.*" Op. Ark. Att'y Gen. No. 162, at 1 (2008) (emphasis added). The attorney general explained that FOIA affords citizens the right to inspect and copy public records, and he cited his 1985 predecessor's opinion that "*this copying can 'be done by hand, or with a camera or other mechanical device at the disposal of*

15

*the citizen.*'"  *Id.* at 2 (quoting Inf. Op. Ark. Att'y Gen. (Maxine Harrell, Feb. 19, 1985) (emphasis added)).  This opinion is consistent with our rules of statutory construction and is cited with approval by a leading treatise on FOIA.  *See* John J. Watkins, Richard J. Peltz-Steele & Robert Steinbuch, *The Arkansas Freedom of Information Act* 320 (University of Ark. Press, 6th ed. 2017).  The treatise states that an agency "must permit the requester to copy or photograph public records on site."  *Id.*  Further, we note that our supreme court has previously contemplated a broader definition of the term "copy" in the FOIA context.  *See Moore v. State*, 324 Ark. 453, 454, 921 S.W.2d 606, 607 (1996) (per curium) (holding that an indigent petitioner seeking  a "photocopy" at public expense of the briefs filed on direct appeal pursuant to FOIA was not entitled to "photocopying" at public expense unless he demonstrated some compelling need for specific documentary evidence to support an allegation contained in a petition for postconviction relief).  In *Moore*, our supreme court used the term "photocopy" to presumably mean the same as the term "copy" in the statute. While *Black's* does not give a definition for the term "photocopy," www.dictionary.com defines the verb "photocopy" as "to reproduce (a document, print, or the like) *photographically*."  Photocopy, Dictionary.com, https://www.dictionary.com/browse/photocopy?s=t (emphasis added).  Thus, we hold that in keeping with our mandate to interpret FOIA liberally to accomplish the purpose of promoting free access to public information, the term "copy" should be liberally interpreted to include the taking of a photograph.  *See Dep't of Ark. State Police*, *supra*.

16

IV. *Other Issues*

The City argues on appeal that we should affirm the circuit court's order because appellant failed to first pay the City ten dollars in accordance with Arkansas Code Annotated section 27-53-210 in order to exercise his right to take a photograph. Section 27-53-201(b)(1) provides that "[i]n order to partially *reimburse* the division for the cost of *making* photostatic or written copies of motor vehicle accident reports and copies of records of traffic violations, there shall be charged a fee of ten dollars ($10.00) for each copy of a basic accident report and a fee of one dollar fifty cents ($1.50) per page for each copy of a supplemental report." (Emphasis added.) However, the City's argument on appeal is misplaced and is not at issue before us at this time. The parties stipulated to the facts as alleged in the amended complaint. Appellant alleged that the City had a blanket prohibition against the use of cell phones to take photographs—not that the City would allow appellant to take a photograph only if a ten-dollar fee was paid.[4] As such, the City's argument lacks merit, and the question of whether the statute would allow the City to still charge appellant ten dollars for taking his own photograph is left for another day.

The City's second argument on appeal is equally unavailing. The City argues that preventing a person from photographing official records is a reasonable restriction for two reasons. First, it argues that it has the duty to make sure copies of accident reports are accurate representations of these documents when they are presented to the public and that appellant could distort the documents when taking a photograph. We reject this argument,

---

[4]Further, the purpose of the ten-dollar fee is specifically for the reimbursement of the City's cost of making a copy, which is not at issue herein.

however, because there is always a risk that a copy of a public record can later be distorted regardless of whether a copy is in electronic, paper, or photographic form. Moreover, FOIA permits a citizen to request a copy of a public record in electronic form in any format in which the record is readily convertible. Ark. Code Ann. § 25-19-105(d)(2)(B); *Pulaski Cty. Special Sch. Dist.*, *supra*.

Second, the City argues that allowing citizens to take photographs of public records would circumvent its right to review the records for protected material pursuant to Arkansas Code Annotated section 25-19-105(c)(3)(A). Section 25-19-105(c)(3)(A) provides that "[u]pon receiving a request for the examination or copying of personnel or evaluation records, the custodian of the records shall determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." By the plain language of the statute, the evaluation by the custodian required under (c)(3)(A) is conducted upon the receipt of the request and, therefore, is required to be conducted before either a custodian makes a copy or allows a citizen to make the copy of the record. In other words, the custodian of the records may still require the citizen to wait twenty-four hours after the request to determine whether the record is exempt from disclosure and to make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision. Therefore, the City's second argument lacks merit.

Thus, because the circuit court erred in dismissing appellant's amended complaint for the reasons stated herein, we reverse and remand.

18

VIRDEN, KLAPPENBACH, VAUGHT, and BROWN, JJ., agree.

ABRAMSON, J., dissents.

**RAYMOND R. ABRAMSON, Judge, dissenting**. I must respectfully dissent because I would affirm the circuit court's decision to dismiss Motal's lawsuit. The facts of this appeal are not disputed, but our court differs on the interpretation of the word "copy" as it pertains to the FOIA statute.

I agree with the circuit court's finding that "there is no provision in the FOIA that allows for photographing official records, and that copying of a record allowed under the FOIA does not include taking photographs of said record. [P]hotographs are separate and distinct actions not included in the plain meaning of the word copy used in FOIA and photographs are more susceptible to being edited or changed increasing the risk of compromise to the sanctity of a public record." The circuit court also concluded that Motal's claim was moot because the City had already provided Motal with a copy of the report in question prior to the hearing.

I first address the question of mootness. I do not believe, as the majority does, that this case fits within one of the two exceptions to the mootness doctrine. I would not improvidently utilize one given the record before us.[1]

Because the majority holds that the "substantial-public-interest" exception to the mootness doctrine applies here, I will also address the merits of the case. I would affirm on the basis of the wording in Arkansas Code Annotated section 27-53-210(b)(1):

---

[1]I specifically disagree with the majority's holding that the City's interpretation of this court's decision in *Hyman v. Sadler*, 2017 Ark. App. 292, 521 S.W.3d 167, is too narrow.

In order to partially reimburse the division for the cost of making photostatic or written copies of motor vehicle accident reports and copies of records of traffic violations, there shall be charged a fee of ten dollars ($10.00) for each copy of a basic accident report and a fee of one dollar fifty cents ($1.50) per page for each copy of a supplemental report.

Ark. Code Ann. § 27-53-210(b)(1).

In a FOIA case, the standard of review is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Pulaski Cty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 264 S.W.3d 465 (2007). The applicability of FOIA is a question of statutory interpretation, which we review de novo, because it is for this court to determine the meaning of a statute. *Hollis v. Fayetteville Sch. Dist. No. 1 of Washington Cty.*, 2016 Ark. App. 132, 485 S.W.3d 280.

When interpreting a statute that is plain and unambiguous, we construe it just as it reads, giving the words their ordinary and usually accepted meaning. *Holbrook v. Healthport, Inc.*, 2014 Ark. 146, at 5, 432 S.W.3d 593, 596–97. Here, I do not believe "copy" means a photograph taken on a cell phone without payment of the mandated fee. I agree with the circuit court's analysis: "If the Arkansas legislature had intended photographs to be included it would have listed as such in the language of the FOIA." I would hold that if the legislature intended to include that citizens be able to take a photograph on their own phone as a way to copy documents, the FOIA statute would expressly state that. *See* Ark. Code Ann. § 25-19-105 (Examination and copying of public records–Exceptions).

I firmly believe this is an issue that our supreme court or the legislature should address. It is not within the purview of the court of appeals to add language to statutes, and as such I must dissent.

*Ben Motal*, pro se appellant.

*Andrew Middlebrooks* and *Caleb Garcia*, Office of the City Attorney, for appellee.