Cite as 2025 Ark. 40

# SUPREME COURT OF ARKANSAS
**No.** CV–23–470

|  |  |
|---|---|
| BEN MOTAL | **Opinion Delivered:** April 10, 2025 |
| APPELLANT | <u>DISSENTING OPINION FROM DENIAL OF PETITION FOR REVIEW</u>. |
| V. |  |
| CITY OF LITTLE ROCK |  |
| APPELLEE |  |

**NICHOLAS J. BRONNI, Associate Justice**

I would grant the petition for review because this case raises two important issues: (1) the limits of a trial court's inherent authority to award fees; and (2) whether pro se attorneys can recover fees at all. Both warrant this court's review.

Start with the inherent authority point. We've previously said that attorney's fees awards are permissible *only* when authorized by statute—except where we've decided a statute isn't necessary. *See Gibson v. Buonauito*, 2022 Ark. 206, 655 S.W.3d 59 (common-fund and substantial-benefit exceptions); *Scudder v. Ramsey*, 2013 Ark. 115, 426 S.W.3d 427 (inherent authority to award fees). Here, for instance, the court of appeals affirmed an award—not based on a statute but—based on a trial court's "inherent power" to award fees in "contempt proceedings." *Scudder*, 2013 Ark. 115, at 14, 426 S.W.3d at 435.

It's time to reconsider such judge-made exceptions. Indeed, while the various exceptions we've previously recognized "may well be good public policy," the "power to establish them lies with the legislative branch, not with the judicial branch." *Gibson*, 2022

Ark. 206, at 21, 655 S.W.3d at 71 (Womack, J., concurring). To be sure, we've followed the lead of the federal courts in recognizing a trial court's inherent authority to award fees in contempt proceedings. *See C.R.T., Inc. v. Brown*, 269 Ark. 114, 117, 602 S.W.2d 409, 410–11 (1980) (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 (1967)). But a federal court's supposed inherent authority to award fees in contempt proceedings isn't really based on inherent authority; it rests on statutory authority—that is, the Judiciary Act of 1789. *See Ex parte Robinson*, 86 U.S. 505, 510 (1873). And even then, a federal court's power to award fees is limited. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103 (2017). So I'd grant the petition to reconsider both the inherent-authority exception and its limits.

Beyond that, this case also raises a broader question that needs an answer: can pro se attorneys recover fees at all? This court hasn't addressed the issue, but other courts overwhelmingly reject such awards.

Beginning again with the federal analog, *Kay v. Ehrler* held that pro se attorney litigants aren't entitled to fees under 24 U.S.C. § 1988 because that provision's use of "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." 499 U.S. 432, 435–36 (1991). And "[s]ince *Kay*, virtually all federal and state courts construing attorney's fee[s] provisions in public records laws have held that prevailing self-represented attorneys are not entitled to attorney's fees." *Toensing v. Att'y Gen. of Vermont*, 212 A.3d 180, 187 (Vt. 2019); *see also Young v. Midwest Fam. Mut. Ins. Co.*, 753 N.W.2d 778, 783 (Neb. 2008) (citing *Kay*); *Omdahl v. W. Iron Cnty. Bd. of Educ.*, 733 N.W.2d 380,

2

386 (Mich. 2007) (same); *Sellers v. Fourth Jud. Dist. Ct. of State, in & for Cnty. of Elko*, 71 P.3d 495, 498 (Nev. 2003) (same); *Miller v. W. Lafayette Cmty. Sch. Corp.*, 665 N.E.2d 905 (Ind. 1996) (same). Just a few courts reject that approach. *See Robbins v. Krock*, 896 N.E.2d 633, 635 (Mass. App. Ct. 2008); *Stiles v. Kearney*, 277 P.3d 9, 16 (Wash. Ct. App. 2012).

This trend isn't just about statutory interpretation either. Rather, as other courts have explained, awarding fees to pro se attorneys perversely incentivizes prolonged litigation and cost inflation. *See Strohm v. ClearOne Commc'ns, Inc.*, 308 P.3d 424, 446 (Utah 2013); *Trope v. Katz*, 902 P.2d 259, 267 (Cal. 1995); *see also Upson v. Wallace*, 3 A.3d 1148, 1169 (D.C. 2010) (citing *Kay* to deny fees requested by a pro se attorney under the court's inherent power). This case exemplifies those concerns. The underlying contempt order stems from the City of Little Rock's failure to pay nearly $60,000 in attorney's fees—all because a pro se attorney didn't want to pay $10 for an accident report. *See Motal v. City of Little Rock*, 2020 Ark. App. 308, at 2, 603 S.W.3d 557, 559. And it's perplexing that Little Rock declined to challenge that massive award and instead decided to let the taxpayers foot the bill.

This court should review the limits of a trial court's inherent authority to award fees and whether pro se attorneys may recover them. And as the award in this case illustrates, it needs to do so now. Because the majority declines that opportunity, I respectfully dissent from the denial of the petition.

WOMACK, J., joins.

*Ben Motal*, pro se petitioner.

*Cody J. Pritchard*, Dep. City Att'y, Office of the City Att'y, for respondent.